IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY PENNINGTON, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-2017-900362 |
| ) | |
| v. ) | Formally in the Circuit Court |
| ) | of Baldwin County, Alabama |
| DOLLAR GENERAL ) | |
| STORE NO. 08081, ) | |
| DOLLAR GENERAL CORPORATION, ) | |
| And DOLGENCORP, LLC. ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Dolgencorp, LLC ("Dolgencorp"), initially and incorrectly identified as "Dollar General Store No. 08081" and "Dollar General Corporation" in Plaintiff's Complaint files this Notice of Removal of this action from the Circuit Court of Baldwin County, Alabama, where it is now pending, to the United States District Court for the Southern District of Alabama, Southern Division. As grounds for the removal of this action, Dolgencorp states as follows:

### I. INTRODUCTION AND BACKGROUND.

1. On April 6, 2017 Plaintiff Sidney Pennington commenced an action in the Circuit Court of Baldwin County, Alabama, entitled: *Sidney Pennington v. Dollar General Store No. 08081, Dollar General Corporation, and Fictitious Defendants et. al*, Civil Action No CV-2017-900362, by filing a Complaint. (Complaint, attached as Exh. A). Plaintiff's Complaint arises from an alleged trip and fall incident at the Dollar General store located at located at 24816 State Street, Elberta, Alabama, on or about April 8, 2015, and asserts claims for negligence and wantonness for

{B2478128}

the creation of and failure to remedy a dangerous condition, as well as negligence and wantonness in training and supervising employees. (*Id.*)

2. On April 21, 2017 counsel for Defendant filed a limited appearance for the purpose of filing a Motion to Dismiss on behalf of "Dollar General Store No. 08081," and "Dollar General Corporation," as they were improperly named as parties to the original suit. (Defendants' Motion to Dismiss, attached hereto as Exh. B). In that same Motion to Dismiss, Plaintiff was given notice of the correct name for the entity she was attempting to sue, Dolgencorp, LLC. (*Id.*).

3. On the same date on April 21, 2017, Plaintiff filed an Amended Complaint, entitled: *Sidney Pennington v. Dollar General Store No. 08081, Dollar General Corporation, Dolgencorp, LLC, and Fictitious Defendants et. al*, Civil Action No CV-2017-900362. (Amended Complaint, attached hereto as Exh. C). This Amended Complaint differs from the Complaint insofar as it adds Dolgencorp, LLC, as a named Defendant, but did not remove "Dollar General Store No. 08081," and "Dollar General Corporation" as improperly named entities.

4. On April 26, 2017 counsel for Defendant filed another limited appearance to move to dismiss the Plaintiff's Amended Complaint on behalf of "Dollar General Store No. 08081," and "Dollar General Corporation," as they remained improperly named parties. (Defendants' Motion to Dismiss the Plaintiff's Amended Complaint, attached hereto as Exh. D).

5. Service of this Amended Complaint was perfected on Dolgencorp on April 28, 2017. (Exh. E).

6. Copies of all process, pleadings, and the entire Circuit Court file for Baldwin County are attached hereto as Exhibit "F". The Circuit Clerk of Baldwin County has also been notified of this removal.

7.  Dolgencorp denies each and every material allegation of wrongdoing in the Amended Complaint. Because, however, complete diversity of citizenship exists between Plaintiff and Dolgencorp, and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## II.  GROUNDS FOR REMOVAL.

8.  Removal of this case is proper because (1) this notice is filed within thirty (30) days of the service of process on Defendant Dolgencorp; (2) there is complete diversity of citizenship among the properly named parties; and (3) the amount in controversy, exclusive of costs and interest, exceeds $75,000.

### A.  Removal is Timely.

9.  Section 1446 of the U. S. Code governs the procedure for removal and provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons .... to file [a] notice of removal." 28 U.S.C. §1446(b)(2)(C).

10.  According to the timestamp on the Amended Complaint, Plaintiff filed the Amended Complaint naming Dolgencorp on April 21, 2017. (See the timestamp on Exh. C). The Notice of Service was timestamped as filed on May 1, 2017, showing that service of this Amended Complaint was perfected on Dolgencorp on April 28, 2017. (Exh. D).

This Notice of Removal is filed within thirty (30) days of service of the Amended Complaint on Dolgencorp.[1]

---

[1] Section 1446(c)(1) also states that a matter may not be removed under subsection (b)(3) on the basis of diversity jurisdiction more than one year after the commencement of the case (unless the district court finds that the plaintiff acted in bad faith to prevent removal). 28 U.S.C. § 1446(c)(1). Plaintiff's Amended Complaint was filed on March, April 21, 2017, and service was perfected on April 28, 2017. (Exh. C, Exh. D). Defendant Dolgencorp files this Notice of Removal well within one year of the commencement of this action. (Id.). No previous application for removal has been made.

## B. Complete Diversity of Citizenship Exists Between the Parties, and No Defendant is a Citizen of Alabama.

11.     There is complete diversity of citizenship between Plaintiff and the Defendant. Removal is appropriate in "any civil action brought in a State court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over this matter because the suit is between "citizens of different States" as required by 28 U.S.C. §1332(a)(1).

12.     At all times material hereto, Plaintiff Sidney Pennington has been a resident citizen of Baldwin County, Alabama. (Exh. C, ¶ 1). For purposes of determining diversity, an individual is deemed a citizen of the state where she is domiciled. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989). There is a presumption that the state in which a person resides at any given time is also that person's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 309–10, 86 L.Ed. 329 (1941); *Stine v. Moore, Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954). Accordingly, for diversity purposes, Plaintiff Pennington is presumed to be a citizen of Alabama.

13.     Defendant Dolgencorp is a foreign corporation incorporated under the laws of the Kentucky, with its principal place of business in Goodlettsville, Tennessee.[2] For purposes of determining diversity, a corporation is deemed a citizen of the state of incorporation and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Accordingly, Dolgencorp is a citizen of Kentucky and of Tennessee for purposes of diversity. Therefore, the Plaintiff and Defendant are citizens of different states and complete diversity exists among the parties.

---

[2] Dolgencorp reserves the right to supplement this Notice of Removal with an Affidavit of Citizenship if the Court so requires.

14. Venue is also proper in this Court because the Southern Division of the Southern District of Alabama encompasses Baldwin County, Alabama where the state court case was filed. *See* 28 U.S.C. §1441(a).

### C. The Amount in Controversy Exceeds the Sum of $75,000.

15. Plaintiff has made a claim for compensatory and punitive damages for the alleged negligence and wantonness Dolgencorp. (Exh. C). Although Plaintiff makes no specified demand in her Amended Complaint, it is clear that the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs.

16. The U.S. Supreme Court has held that:

> In sum, as specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.

*Dart Cherokee Basin Op. Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Further, where, as here, a plaintiff does not plead a specific amount of damages, a removing defendant need only demonstrate by a preponderance of the evidence that the requisite amount in controversy is present. *Kirtland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001); *see also Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding "removing Defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it"). Rather, a removing defendant need only show "the amount in controversy more likely than not exceeds the...jurisdictional requirement." *Roe v. Michelin N.A, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

17. In determining whether the amount in controversy is satisfied on removal, district courts look first to the original complaint to ascertain whether it is 'facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Williams v.*

5

{B2478128}

*Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional requirement is not facially apparent, courts look to the Notice of Removal and any additional evidence provided." *Id.*

18. In this case, it is not facially apparent from the Plaintiff's Amended Complaint that the minimum amount in controversy is satisfied. Plaintiff's Amended Complaint seeks an unspecified amount for both compensatory and "punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions." (Amended Complaint, page 5).

19. "Where, as here, the plaintiffs make an unspecified demand for damages in state court, 'a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [$75,000].'" *Charleston v. Baber's, Inc.*, 2007 WL 886819 at *1 (S.D. Ala. March 21, 2007) (*quoting Tapscott v. M.S. Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (overruled on other grounds)).

20. Although Plaintiff's Amended Complaint fails to make a specified demand, Dolgencorp has attached a detailed demand letter received by counsel for Dolgencorp from Plaintiff's counsel making a demand of $210,000.00. (*See* Demand Letter, dated May 5, 2017, attached hereto as Exh. G).

21. Both the 11th Circuit and this Court have recognized that settlement demands may constitute sufficient evidence that an amount in controversy exceeds $75,000.00. For example, *in Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)), *cert. denied,* 128 S.Ct. 2877 (2008), "the court expressly noted that a demand letter establishing an amount in controversy exceeding $75,000 constitutes an 'other paper' upon which removal may be based." *See also, Free v. Baker*, No. 2:09-CV-26-WKW, 2009 WL 1748244, at * 2 (M.D. Ala. June 19, 2009) (citing *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1333 (M.D.

Ala. 2008) (A settlement letter can qualify as " 'other paper,' which under ... § 1446(b) can serve as a basis for removal" and, when part of the removing documents, can be "admissible evidence of the amount in controversy at the time of removal." (citing *Lowery*, 483 F.3d at 1212))).

22. In *Mark v. Wood Haulers, Inc.*, No. CA 09-0706-CG-C, 2009 WL 5218030 * 4 (S.D. Ala. Dec. 31, 2009), this Court stated that a removing defendant's reliance on a demand letter from Plaintiff's counsel is sufficient to meet its preponderance of the evidence burden. That Court stated:

> Defendants' reliance on the March 18, 2009 demand letter from Plaintiffs' counsel *is sufficient evidence to meet the preponderance of the evidence standard*. *Richardson v. Fort Dearborn Life Ins. Co.*, 2009 LEXIS 97863 ([S.D. Ala.] Sept. 25, 2009)[ ]. In *Richardson,* the Complaint did not contain a demand for a specific dollar amount. In support of their removal pleadings, the defendant offered a copy of a demand letter it received from plaintiffs' counsel which included an initial demand of $150,000 to settle the action. The Court, citing *Lowery,* [supra] *unequivocally stated that the amount in controversy requirement was met by the defendants' reliance on the demand letter.* This position has been repeatedly adopted by numerous Courts. *Free v. Baker*, 2009 LEXIS 51973 ([M.D.Ala.] July 19, 2009)[ ](amount in controversy requirement was met by $650,000 demand letter relied on by defendants); *QBE Ins. Corp. v. Dolphin Line, Inc.*, 2009 U.S. Dist. LEXIS 93534 ( [S.D. Ala.] August 11, 2009)[ ] (amount in controversy requirement was met by letter stating the amount which had been paid and further stating what the amount of anticipated damages [were] ).

*Id.* (emphasis added).

23. Based on the fact that Plaintiff's Demand Letter states that Plaintiff seeks recovery in the amount of $210,000, it is more likely than not the amount in controversy in this case exceeds $75,000. Thus, jurisdiction is proper in this Court. As such, removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the amount in controversy element is satisfied.

III. **CONCLUSION.**

24. As set forth above, this Notice of Removal has been timely filed within thirty (30) days of the service of process on Dolgencorp; complete diversity of citizenship exists between the

parties to this action; and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

25. The prerequisites for removal under 28 U.S.C. § 1441 have been met.[3]

26. A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Baldwin County, Alabama.

27. Dolgencorp respectfully requests the opportunity to brief and argue before this Honorable Court any issue or question concerning the removal of this case in the event remand is sought by Plaintiff or otherwise visited by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Dolgencorp, LLC, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Baldwin County, Alabama, shall affect a removal of said suit to this Court.

Respectfully submitted,

s/ Warren Butler
M. WARREN BUTLER (BUTM3190)
Attorney for Defendant
Dolgencorp, LLC
Starnes Davis Florie LLP
RSA Battle House Tower, 20th Floor
P. O. Box 1548
Mobile, AL 36633-1548
Phone: (251) 433-6049
Fax: (251) 433-5901

---

[3] Although Plaintiff has identified fictitious parties, fictitious party practice is not permitted in U. S. District Courts, and fictitious defendants are not considered for removal purposes. *See GMFS, L.L.C. v. Bounds,* 275 F. Supp. 2d 1350, 1352-1354 (S. D. Ala. 2003), *referencing* 28 U.S.C. § 1441(a).

8

{B2478128}

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on the following parties or attorneys of record by filing same with the Clerk of Court via ALAFILE or by U. S. MAIL, postage prepaid, this the 11TH day of MAY, 2017:

Russell D. Johnson, Esquire
ALEXANDER SHUNNARAH & ASSOCIATES
P.O. Box 1388
Mobile, Alabama 36633

s/Warren Butler
WARREN BUTLER

{B2478128}