DOCUMENT 2



ELECTRONICALLY FILED
4/6/2017 5:13 PM
05-CV-2017-900362.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

SIDNEY PENNINGTON,

    Plaintiff,

v.                                             CASE NO.: _____

**DOLLAR GENERAL STORE NO. 08081,**
**DOLLAR GENERAL CORPORATION,**
**[FICTITIOUS DEFENDANTS:** No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the safe condition of the premises at the store in question in this lawsuit, specifically store 08081 located in Elberta, Alabama; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding a condition that was hazardous to Sidney Pennington and other patrons in the store in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the premises in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the flooring materials or floor used for travel by the store patrons in the store in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the condition to be present on the floor in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Sidney Pennington; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the store in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the floor and entry way present in the store in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of the Plaintiff while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted



with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the store in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to the Plaintiff as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

**Defendants.**

---

## COMPLAINT

---

### PARTIES AND VENUE

1.  Plaintiff, Sidney Pennington, is an individual resident citizen of Baldwin County in the State of Alabama and is over the age of nineteen (19) years of age.

2.  Defendant, Dollar General Store Number 08081, is and was at all times pertinent to filing this lawsuit a store licensed to do and doing business in Baldwin County, Alabama.

3.  Defendant, Dollar General Corporation, is and was at all times pertinent to filing of this lawsuit a corporation incorporated in Alabama, licensed to do and doing business in Baldwin County, Alabama.

4.  Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

5.  Venue is proper in Baldwin County pursuant to Ala. Code § 6-3-2 (a)(3) considering that the occurrence giving rise to this suit occurred within the County.

### FACTUAL BACKGROUND

6.  On or about the 8th day of April 2015, Plaintiff began to enter the Dollar General, Store Number 08081, located at 24816 State Street, Elberta, Alabama 36530.

7. While entering the store, Plaintiff fell over the rug at the entrance to the store, causing her to suffer injuries to her body.

8. The impact from the fall caused the Plaintiff to suffer the following injuries and damages:

   (a) She suffered injuries to various portions of her body, including but not limited to: her neck, shoulders, and back;

   (b) She suffered permanent injuries to her shoulder which required surgery;

   (c) She experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

   (d) She experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

   (e) She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

   (f) She was caused to incur out-of-pocket medical expenses;

   (g) She is reasonably certain to incur personal injury medical expenses in the future;

## COUNT ONE- NEGLIGENCE AND WANTONNESS

9. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

10. On or about the 8th day of April 2015, Plaintiff fell over a rug as she entered the Dollar General Store Number 08081 located at 24816 State Street, Elberta, Alabama 36530.

11. Defendant Dollar General and one or more of the fictitious party defendants listed and described hereinabove (hereinafter referred to as "Defendants"), negligently, recklessly and/or wantonly placed a rug on the floor in the entry way which created a hazardous and/or hidden condition for the Plaintiff and other invitees.

12. Defendants knew, or should have known, that injury was likely to occur as a result of the defective and/or unsafe condition of the rug. Additionally, Defendants allowed the floor to remain in such a condition, displaying a conscious disregard for the safety of the invitees.

13. As a result of Defendants' negligence, wantonness and/or recklessness, Plaintiff slipped and/or fell because of the dangerous condition of the floor and/or entry way.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Dollar General Corporation and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT TWO – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

14. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

15. Defendants were under an obligation and duty to train their employees to make sure that there are not hazards present and to repair the premises so as not to cause any unreasonable dangers for the invitees of the restaurant.

16. Defendants were under an obligation and duty to train and supervise employees to properly inspect the entry way or floors accessible to their patrons and/or invitees/licensees so that there are no dangerous conditions not readily discoverable to their patrons or invitees/licensees.

17. Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect, clean, and/or repair defects in the entry way to the store, keeping them free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Dollar General Corporation and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT THREE – FICTITIOUS DEFENDANTS

18. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

19. Fictitious Party Defendants identified and described hereinabove, whether singular or plural, are those other persons, firms, corporations, partnerships or entities whose wrongful conduct caused or contributed to cause the injuries or damages to Plaintiff.

20.   As a proximate result of said negligence, intentional conduct, willfulness and/or wantonness of said Defendants, Plaintiff was caused to be injured and damaged as described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

Respectfully Submitted,

*/s/ Russell D. Johnson*
Russell D. Johnson          (JOH227)
*Attorney for Plaintiff*

**OF COUNSEL:**

ALEXANDER SHUNNARAH & ASSOCIATES
P.O. Box 1388
Mobile, Alabama 36633
Phone:      (251) 459-6336
Facsimile:  (251) 459-6387
Email:      rjohnson@alexandershunnarahlaw.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the *Clerk* direct service of the foregoing "Summons, Complaint, and Discovery" by certified mail, addressed as follows:

**Dollar General Store 08081**
**24816 State Street**
**Elberta, AL 36530**

**Dollar General Corporation**
**P.O. Box 1728**
**Goodlettsville, TN 37070**

*/s/ Russell D. Johnson*
OF COUNSEL