# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

SIDNEY PENNINGTON, :

    Plaintiff, :

vs. : CA 17-0204-CG-MU

DOLLAR GENERAL STORE NO. :
08081, et al.,
     :
    Defendants.

## **REPORT AND RECOMMENDATION**

This action is before the undersigned for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on Defendant Dollar General Store No. 08081's motion to dismiss Plaintiff's complaint (Doc. 5). Plaintiff was extended the opportunity to file a response in opposition (*see* Doc. 15, at 1 ("Plaintiff is **ORDERED** to file h[er] response to the Defendant's motion on or before **June 12, 2017.** Should plaintiff file a motion to remand . . . .")) but she filed no response and she did not file a motion to remand (*see* Docket Sheet). Upon consideration of all relevant pleadings in this case, the undersigned recommends that Defendant Dollar General Store No. 08081's motion to dismiss (Doc. 5) be **GRANTED** and further **RECOMMENDS**, based on communications with defense counsel by the undersigned's staff,[1] that both Dollar General Store No. 08081 and

---

[1] Those communications, combined with Plaintiff's failure to respond to Dollar General Store No. 08081's motion to dismiss, lead the undersigned to believe that no objections will be interposed to this report and recommendation. The undersigned's staff attempted to
(Continued)

Dollar General Corporation be dismissed from this action (*see* Doc. 1, Exhibit D) since Dolgencorp, LLC is the only proper defendant to this action. Upon adoption of this report and recommendation, the style of this action should be, as follows: Sidney Pennington v. Dolgencorp, LLC.

**BACKGROUND**

Sidney Pennington initially filed this lawsuit, on April 6, 2017, in the Circuit Court of Baldwin County, Alabama against Dollar General Store No. 08081 and Dollar General Corporation (as well as numerous fictitious parties) for injuries she suffered after allegedly falling over the rug at the entrance to the store in Elberta, Alabama. (*See* Doc. 1, Exhibit A, COMPLAINT, at 2-3.) On April 21, 2017, the identified defendants filed a motion to dismiss for failure to state a claim on the basis that "[n]either 'Dollar General Store No. 08081' nor 'Dollar General Corporation' owns or operates the store in question. Rather, the owner and operator of the store is Dolgencorp, LLC." (Doc. 1, Exhibit B, at 1.) That same day, plaintiff filed an amended complaint in which she simply added Dolgencorp, LLC as a party defendant. (Doc. 1, Exhibit C, at 2.) Some five days later, on April 26, 2017, Dollar General Store No. 08081 and Dollar General Corporation filed a motion to dismiss the amended complaint on the same basis as stated in their initial motion to dismiss. (Doc. 1, Exhibit D, at 3 ("Neither 'Dollar General Store No. 08081' nor 'Dollar General Corporation' owned or operated the store in which the facts giving rise to the Plaintiff's Amended Complaint allegedly occurred. Rather, the owner and operator of the store was Dolgencorp, LLC.")).

---

speak with Plaintiff's counsel prior to issuance of this Report and Recommendation but was unsuccessful in that endeavor.

On May 11, 2017, Defendant Dolgencorp, LLC removed this action to this Court, specifically noting in its notice of removal that it was "initially and incorrectly identified as 'Dollar General Store No. 08081' and 'Dollar General Corporation' in Plaintiff's Complaint[.]" (Doc. 1, at 1.) It later goes on to set forth the foregoing history and stake the position that Dollar General Store No. 08081 and Dollar General Corporation "remain[] improperly named parties." (*Id.* at 2.) Concurrent with the filing of the notice of removal, Dolgencorp, LLC filed its answer to the amended complaint (Doc. 4) and Defendant Dollar General Store No. 08081 filed a motion to dismiss Plaintiff's amended complaint on the basis that it is not a legal entity under Alabama law subject to suit (*see* Doc. 5, at 2).

## **CONCLUSIONS OF LAW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678, 129 S.Ct. at 1949.

3

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements. *See id.; Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). In addition to the foregoing, "[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008), quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003).

In this case, the undersigned finds that Plaintiff's claims against Dollar General Store No. 08081 fail because Dollar General Store No. 08081 is not a proper defendant. The capacity to be sued in federal court is governed by the law of the state in which the district court is located, *compare* Fed.R.Civ.P. 17(b)(3) ("Capacity to sue or be sued is determined . . . for all other parties, by the law of the state where the court is located[.]") *with Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (quoting from an earlier version of Rule 17(b) that "'capacity to sue or be sued shall be determined by the law of the state in which the district court is held.'"), and, in Alabama, there is simply no such legal entity as "Dollar General Store No. 08081." Instead, Dolgencorp, LLC is the legal entity that owns and operates the Elberta Dollar General Store in which Pennington allegedly fell (*compare* Doc. 1, Exhibit C, at ¶ 7 *with* Doc. 1, Exhibit D). Accordingly, the

4

undersigned **RECOMMENDS** that Dollar General Store No. 08081's motion to dismiss Plaintiff's amended complaint (Doc. 5) be **GRANTED**.

As for Dollar General Corporation, even though it is clear that this defendant is a suable legal entity (*see* Doc. 1, Exhibit D; *compare id. with* Doc. 7 (corporate disclosure statement filed by Dollar General Corporation)), the undersigned nevertheless **RECOMMENDS** that it should be **DISMISSED** from this action (*see id.*) because it does not own or operate the Dollar General Store in Elberta, Alabama in which Pennington allegedly fell; rather, Dolgencorp, LLC is the legal entity that owns and operates that store and is the property party defendant in this case. *Compare, e.g., Anderson v. Dolgencorp, LLC,* 2014 WL 5471933, *2 (M.D. Ala. Oct. 28, 2014 ("Dolgencorp, incorrectly named in the complaint as 'Dollar General Stores Corp.,' is the corporate entity responsible for the Hartford Dollar General Store.") *with Dolgencorp, LLC v. Spence,* 2016 WL 5817690 (Ala. Sept. 30, 2016) (not yet released for publication) (Dolgencorp, LLC was the solely-named defendant).

## CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that Dollar General Store No. 08081's motion to dismiss Plaintiff's amended complaint (Doc. 5) be **GRANTED** and, as well, that the motion to dismiss Plaintiff's amended complaint filed by Dollar General Store No. 08081 and Dollar General Corporation in the Circuit Court of Baldwin County, Alabama on April 26, 2017 (Doc. 1, Exhibit D) be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of June, 2017.

                                            s/P. BRADLEY MURRAY
                                   **UNITED STATES MAGISTRATE JUDGE**